In The United States District Court
For The Eastern District of Wisconsin

Jovan Williams,
    Plaintiff,

v.                      Case No. _____

Steven Laturi, Jeremiah Phipps, Tia Chentnik, Brooke M. Steingraeber, Officer Hill and Officer Fleiner,
    Defendants.

## Complaint With Jury Trial

### I. Introduction

1. This is a civil action filed by Jovan Williams, a state prisoner, authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. Plaintiff Williams seeks declaratory relief, injunctive relief and damages under 42 U.S.C. Section 1983, alleging excessive force and failure to intervene in violation of the 8th Amendment to the United States Constitution.

II. Jurisdiction

2. I am suing for a violation for a violation of federal law under 28 U.S.C. Section 1331.

III. Parties

3. The plaintiff, Jovan Williams, is and was incarcerated at Columbia Correctional Institution ("CCI"), in Portage, WI during the events described in this complaint.

4. Defendant Steven Laturi is a Supervising Officer 1 Lieutenant employed at CCI, Portage, WI.

5. Defendants Brooke M. Steingraeber, Jeremiah Phipps, Hill and Fleiner are all Correctional Officers employed at CCI, Portage, WI.

6. Defendant Tia Chentnik is a Correctional Sergeant employed at CCI, Portage, WI.

7. Each defendant is sued individually and in thier official capacities. At all times mentioned

in this complaint, each defendant acted under color of state law.

IV. Facts.

8. At all times relevant to this case, Plaintiff Jovan Williams was in cell B-Lower of the Restrictive Housing Unit ("RHU") at ("CCI") Columbia Correctional Institution.

9. The plaintiff was in Clinical Observation status where he was on 5-minute round checks due to security staff placing him in a regular cell instead of a Observation cell, on 5-23-2023.

10. Earlier this day leading up to the events the plaintiff was continually being intaginized by staff member his cell was destroyed and not given dinner.

11. The plaintiff got into a conflict with defendant Laturi that resulted in the removal from further contact with this defendant.

12. As defendant Steingraeber was assigned to check on the plaintiff the plaintiff was approved a dinner tray by another supervisor which was given to him.

13. The plaintiff also has a conflicting history with defendants Steingraeber, Chentnik, Fleiner and Hill who was all involved in several incidents where they either had to use force on the plaintiff that lead to criminal proceedings or other incident which will effect their ability to deal with the plaintiff appropriately.

14. The plaintiff found a pen insert in the cell and showed it to defendant Steingraeber mutipule times.

15. Due to the plaintiff's history with defendant Chentnik he knew

she would try to put him on on Nutra-loaf if he did not give out his tray.

16. Eventually both defendants Steingraeber and Chentnik responded to his cellfront to retreive the pen insert.

17. The plaintiff offered to give his tray out instead and Sgt. ~~Okeb~~ Chentnik had the plaintiff go to the back of his cell while Steingraeber watched and retrieved the tray.

18. The plaintiff put the pen insert to the celldoor window and started to proceed to put the pen on the window seal.

19. In the mean time Sgt. Chentnik had many opportunity to contact a supervisor ~~to~~ have the plaintiff pulled out but they both made it

to some type of game defendants Steingraeber and Chentnik.

20. As soon as the plaintiff placed the pen insert on the window seal Sgt. Chentnik kneeled down and opened the bottom trap to spray the plaintiff with Phatom OC spray while CO Steingraeber watched and alleged that the plaintiff was trying to cut himself.

21. They both began yelling "stop, stop, put the pen down, stop self-harming." Then sprayed the plaintiff.

22. Left the plaintiff in the cell for a long time then alerted for the supervisor.

23. The Plaintiff was seen by HSU staff members for the spray in his eyes and was given a shower by defendant Laturi.

24. Defendants Laturi, Phipps. and Fleiner pulled the plaintiff out the shower when he was done.

25. The plaintiff was cuffed behind the back and leg-restraints were applied on the plaintiff's ankles.

26. All three defendants are very big in size and more dominant as a team together over the plaintiff who is the only black man in this situation.

27. The plaintiff headbutted defendant Phipps and was immediately stablize on the wall by these officers and the plaintiff didn't put up no resistants.

28. The Plaintiff yelled "I'm not resisting."

29. Moments later defendant Laturi got mad an kept saying "stop resisting, stop resisting" which the plaintiff kept responding "I'm not resisting and I'm off my feet" due to the height of the officers who stablized him.

30. Defendants Phipps, Fleiner and Hill stabilized the plaintiff while defendant Laturi then tased the plaintiff in the back.

31. The plaintiff was placed into another cell and this end these events.

32. The plaintiff suffered neck pains, was tased for no reason and nobody intervened.

33. The plaintiff was also exposed to unnessary chemical agents that

messy with his vision, breathing, and burned his skin and eyes for a long duration of 7 days.

34. This also tramatized the plaintiff.

35. This violated the plaintiff constitutional rights from cruel and unusual punishment, excessive force and failure to intervene excessive force, events by all the defendants evil intents, which Williams seeks damages from defendants for the use of unnessary and excessive force, failure to intervene and compensation for his injuries.

36. These events was all captured on video and audio recordings and was preserved. See Attached DOC-0643's documents.

37. The plaintiff exhausted his administrative remidies regarding this matter and that Complaint is Complaint Number CCI-2023-8370.

## V. Jurisdiction

☑ I am suing for a violation of federal law under 28 U.S.C. § 1331.

## VI. Relief Wanted

WHEREFORE, plaintiff requests respectfully that this court to enter judgment granting plaintiff: 1. Granting plaintiff Williams a declaration that the acts and omissions described herein violated his rights under the Constitution and laws of the United States; 2. Award compensatory damages and punitive

damages in the amount of $200,000.00; 3. Order the Defendants to pay court costs for this case; and 4. Grant other just and equitable relief that this Honorable Court deems proper.

## VII. Jury Demand

☑ Jury Demand - I want a jury to hear my case.

Dated this 10th day of April 2024.

Respectfully Submitted,

*Jovan Williams*
Jovan Williams
DOC #575056
Columbia Correctional Institution
P.O. Box 900
Portage, WI 53901

Request To Proceed In District Court Without Prepaying The Filing Fee

☑ I DO request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. §1915.